IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENEFICIAL EQUIPMENT FINANCE CORP., *Plaintiff,* v. REM NATION PLLC and THEODORE BASH, *Defendants.* | CIVIL ACTION NO. 18-00308 |

**PAPPERT, J.**                                                                                 November 6, 2018

<u>**MEMORANDUM**</u>

      Beneficial Equipment Finance Corporation sued REM Nation, PLLC and Theodore Bash in the Philadelphia County Court of Common Pleas on December 21, 2017. Defendants timely removed the case to federal court. During discovery, Beneficial learned that what it first believed was a straightforward contract dispute was instead an alleged fraud involving numerous other parties. Beneficial accordingly seeks to amend its complaint to add Sara Park, Andrew Park, Pamela Lynch and WellTech Worldwide, LLC as defendants and to include a claim of common law fraud. The Court grants Beneficial's Motion for the reasons that follow.

I

      Beneficial, a financial institution that offers secured financing for commercial and medical equipment, allegedly entered into agreements with REM Nation and Bash on November 22, 2016. (Compl. ¶¶ 6–13, ECF No. 1.) Beneficial agreed to provide loans to REM Nation to fund the purchase of multiple diagnostic systems in return for deferred payments with interest. (*Id.* at ¶ 2; Prop. Am. Compl. ¶ 1, ECF No. 23-2.)

1

Beneficial alleges that Defendants failed to make payments on the agreements pursuant to the contract terms. (*Id.*)

The Court held a Rule 16 Conference on February 20, 2018 and thereafter entered a Scheduling Order, (ECF No. 9) that required completion of discovery by July 13, 2018. The parties subsequently filed two joint motions to extend the deadlines in the Scheduling Order, (ECF Nos. 17 and 19), which the Court granted, (ECF Nos. 18 and 22). In the Third Amended Scheduling Order, (ECF No. 22), the Court extended the fact discovery deadline to October 19, 2018.

Beneficial deposed Bash on July 16, 2018 and Pamela Lynch, a former WellTech employee, on June 29, 2018. (Prop. Am. Compl. ¶¶ 37, 56, 64.) Bash testified that his signature was forged on the agreements and that he had no part in their execution. (*Id.* at ¶¶ 56, 59.) Bash accused Andrew Park, Sara Park and Lynch of forging his signature. (*Id.* at ¶ 37.) In Lynch's deposition, she did not respond to questions about her involvement in the fraud, instead asserting her 5th Amendment rights. (*Id.* at ¶ 64.)

Based on the depositions and other materials obtained in discovery, Beneficial now contends that they were victims of a fraudulent scheme. (*Id.* at ¶ 1.) Beneficial alleges that WellTech created false purchase orders for non-existent equipment that were allegedly signed by REM Nation and Bash. (*Id.*) Beneficial financed the purchase for REM Nation by paying WellTech in return for deferred payments and interest from REM Nation. (*Id.*) When WellTech received the money from Beneficial, WellTech allegedly disbursed the funds to Lynch, Sara Park and Andrew Park, among others. (*Id.*)

On August 27, 2018, Beneficial moved for leave to amend its complaint, (ECF No. 23), seeking to add WellTech, Lynch, Andrew Park and Sara Park as defendants and add a fraud claim. Defendants oppose Beneficial's Motion because: (1) they would be prejudiced by the amendment; (2) Beneficial has unduly delayed in filing the motion and (3) Beneficial has exhibited bad faith and ulterior motives. (Resp. Opp'n. Mot. at 5–8, ECF No. 24.) Beneficial filed a reply. (Reply Supp. Mot., ECF No. 25.)

II

Federal Rule of Civil Procedure 15(a) provides that, after an answer has been filed, "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a). The decision to grant or deny a motion for leave to amend rests within the sound discretion of the district court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The court is obligated, however, to grant such amendments "freely [ ] when justice so requires." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). Leave should be denied only if (1) the amendment would prejudice the other party, (2) the moving party has demonstrated undue delay, bad faith or dilatory motives, or (3) the amendment would be futile.[1] *See Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

III

A

The Third Circuit Court of Appeals considers "prejudice to the non-moving party" as "the touchstone for denial of an amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). To show prejudice, the non-moving party must "demonstrate

---

[1] Defendants do not contend that amendment would be futile.

that its ability to present its case would be seriously impaired were the amendment allowed." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990). Relevant considerations include "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

Defendants contend that the Amended Complaint would "significantly alter the scope of the legal and factual issues" and "seriously impair [Defendant]'s ability to present [their] case." (Resp. Opp'n. Mot. at 9.) They further argue that granting Beneficial's Motion will "delay resolution of this matter[.]" (*Id.* at 7.) However, as Beneficial points out, defendants will "raise the same defenses, assert the same arguments and will still have to produce the documents already requested by Beneficial in this action." (Reply Supp. Mot., ECF No. 25.) The only change would be a lengthier discovery period, which all parties already twice sought from the Court. *See* (Mots. Extend, ECF Nos. 17 and 19). Moreover, a lengthier discovery period, on its own, is insufficient to show prejudice. *See J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 614 (3d Cir. 1987).

B

Defendants also claim that Beneficial has unduly delayed in seeking the amendment. "[T]he question of undue delay requires that [courts] focus on the [moving party's] reasons for not amending sooner." *Cureton*, 252 F.3d at 273 (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). A district court may deny leave to amend a pleading on the basis of undue delay where the moving party has: (1) failed to utilize previous opportunities to amend and (2) has not offered any explanation for this failure.

*See Synthes (U.S.A.) v. Globus Med., Inc.*, No. CIV.A. 04-1235, 2007 WL 906164, at *2 (E.D. Pa. Mar. 21, 2007) (citing *Cureton*, 252 F.3d at 273).

Beneficial represents that it did not know the breadth of the alleged scheme when it filed suit and that it learned of the additional defendants and fraudulent activity during discovery. (Mot. Leave File Am. Compl. at 1–2.) While the exact point in time that Beneficial discovered the fraud is not clear, Beneficial sought leave to amend six months after the start of discovery and nine months after filing its initial Complaint in state court. The Third Circuit has held that delay is not undue when that delay is less than one year. *See, e.g., Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (finding that "a period of eleven months from commencement of an action to the filing of a motion for leave to amend is not, on its face, so excessive as to be presumptively unreasonable").

C

Finally, Defendants contend that Beneficial exhibited bad faith and ulterior motives in filing its motion, claiming that Beneficial is "attempt[ing] to use the action against Dr. Bash as a vehicle to collect a debt to make itself 'whole' at the expense of an innocent party." (Resp. Opp'n. Mot. at 6.) Defendants assert that "[a]fter months of discovery, Beneficial has not uncovered any evidence that Dr. Bash was involved in any way[.]" (*Id.*)

The question of bad faith "requires that we focus on the plaintiff's motives for not amending their complaint earlier." *J.E. Mamiye & Sons, Inc.*, 813 F.2d at 614. "Bad faith in these circumstances does not require unethical conduct or evil motive, but instead entails gamesmanship and wait-and-see tactics that undermine the integrity of

5

the truth-seeking process." *Kovach v. Serv. Pers. & Employees of the Dairy Indus., Local Union* No. 205, 58 F. Supp. 3d 469, 487 (W.D. Pa. 2014) (internal citations omitted).  Defendants' contention that Beneficial is acting in bad faith appears to be an attempt to contest the sufficiency of the evidence against them before the record can be properly developed.

        An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

GERALD J. PAPPERT, J